IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN ROUSELL, <br> TDCJ No. 1234814, <br><br> Plaintiff, <br><br> v. <br><br> LT. C. SWEED, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-06-928 |

## MEMORANDUM OPINION ON DISMISSAL

Plaintiff, who is incarcerated in the Texas Department of Criminal Justice (TDCJ), has filed a civil rights complaint under 42 U.S.C. § 1983. He makes claims concerning the conditions of confinement, but the only relief sought from this Court is to "put a stop to the abuse that exists here...."

Plaintiff admits he has not complied with both grievance steps as required by TDCJ grievance procedures. (Docket Entry No. 1, p. 2.) However, he states he is requesting an "emergency filing" and refers this Court to an attached letter. In his letter, Plaintiff contends that, on March 12, 2006, he "was provoked by Sgt. Hanson for grieving him for sexual harassment." He says this prevented him from eating breakfast to avoid further threats. Plaintiff submits no other explanation or information in his letter.

Plaintiff's allegations in his complaint concerning threats by a fellow inmate follow. According to plaintiff, the other prisoner was in his cell behind bars. When plaintiff walked by the inmate's cell, he lunged at plaintiff from behind his cell bars and yelled, "there's that ho!" An officer told plaintiff that filing life endangerment papers under these circumstances would be pointless. Plaintiff alleges that the officer was correct because prison authorities had previously refused protection to plaintiff when the same inmate had threatened him using gang signs.

Plaintiff's pleadings do not show an emergency or the kind of urgency that will justify this Court's intervention in the day-to-day administration of the prison. Even had plaintiff shown a basis for immediate injunctive relief, plaintiff would still be required to exhaust his prison administrative remedies by completing both grievance steps under the TDCJ grievance procedures. *See, e.g., Johnson v. Johnson*, 385 F.3d 503, 512 (5th Cir. 2004).

Title 42 U.S.C.§ 1997e provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998).

2

The district court may *sua sponte* dismiss a prisoner action if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915. Plaintiff's claims will be dismissed for failure to exhaust available administrative remedies. It is therefore **ORDERED** that this complaint be **DISMISSED** under 28 U.S.C. § 1915 (e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

In signing his complaint, plaintiff "declare[d] under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct." (Docket Entry No. 1, p. 5). Plaintiff was also warned as follows:

> The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.

*Id.*

Plaintiff states in his complaint that he has not filed any other lawsuits in state or federal court relating to his imprisonment. Prisoner litigation records maintained by the federal courts appear to show otherwise. *See Rousell v. Woods, et al.*, C.A. No. 1:03-cv-201 (E.D. Tex.); *Rousell v. Woods, et al.*, C.A. No. 1:03-cv-319 (E.D. Tex.); and *Rousell v. Smith, et al.*, C.A. No. 1:03-cv-860 (E.D. Tex.). Because this Court is dismissing plaintiff's complaint, the Court will not now impose a sanction against him. Plaintiff is cautioned, however, that inaccurate or incomplete submissions to this Court

3

are not acceptable.

Plaintiff's motion to proceed *in forma pauperis* (Docket Entry No. 3) is **GRANTED**. Accordingly, the TDCJ-ID Inmate Trust Fund is **ORDERED** to deduct 20% of each deposit made to Stephen Rousell's inmate account, TDCJ No. 1234814, and forward the funds to the Clerk on a regular basis, according to the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($250) has been paid.

The Clerk will provide a copy of this order to the parties, and to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793, Attn: Nolan Glass; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attn: Betty Parker.

Signed at Houston, Texas, on the 27 day of March, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE